**LIBERTY MUT. INS. CO. v. STALEY.**

No. 13604.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1951.

Eugene J. Wilson, Houston, Tex., for appellant.

John L. Hill, Jr., Albert P. Jones, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Texas Workmen's Compensation Act,[1] the suit was for the maximum benefits it provides. The claim was that: while working within the course and scope of his employment, plaintiff suffered accidental bodily injuries to his right arm and right hand and to his back and right shoulder; and, as a result thereof, he is, and will be, totally and permanently disabled.

The defendant, admitting that it had voluntarily paid plaintiff seven hundred seventy-five dollars, yet denied that he had suffered accidental injuries in the course of his employment. In addition, it plead specially; (1) that, if plaintiff suffered any incapacity, it was only partial; and (2) that such incapacity, if any, does not, and will not, affect any portion of plaintiff's body other than his right hand and arm below the elbow, and his injury is a specific one for which the statute provides a specific award.

At the outset of the trial, however, defendant admitted that plaintiff had received a serious injury on the date alleged by him to the extent of a broken arm, and that he had suffered some total temporary disability as the result of it. Then, and throughout the trial, however, it insisted that this was the extent of the disability suffered.

Upon the issues thus joined, the case was tried to a jury, and, the evidence[2] in, the court submitted interrogatories to the jury under Subd. (a) of Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A.

The jury, given the choice of eighteen forms of answer, encompassing every conceivable answer that could have been made under the evidence, rejected the defendant's theory of a specific injury confined solely to the right hand and right arm below the elbow. It, however, accepted plaintiff's theory of a general injury and total permanent incapacity resulting therefrom and found, "Total and permanent incapacity beginning June 9, 1949."

Appealing from the judgment entered on that verdict, defendant is here insisting: that the form of the submission was erroneously prejudicial to its defense in two respects, and that the judgment must be reversed. These respects are: (1) that the submission of the questions to the jury assumed that plaintiff had suffered some incapacity; and (2) that the questions did not submit to the jury, at the request of defendant, a question as to whether the injury to plaintiff was confined to his right hand and arm below the elbow, and did not extend to or affect any other portion of plaintiff's body.

We cannot agree with these contentions. As to the claim, that the court erroneously assumed that plaintiff had suffered some incapacity, the record shows by undisputed proof that he had. Besides, the defendant admitted that this was so. As to the claim, that the form of submission adopted prevented defendant from having presented

1. Art. 8306 et seq., Vernon's Texas Civil Statutes.

2. This, on plaintiff's part, was sufficient to raise an ultimate fact issue for the jury, as to whether he sustained a general injury and total incapacity therefrom.

On defendant's part, it was sufficient to raise a fact issue upon whether his injury was limited to a specific injury as claimed by defendant.

to the jury his theory that the injury was a specific and limited one, an examination of the court's instructions and interrogatories to the jury leaves us in no doubt that defendant's theory was definitely, specifically, and correctly submitted.

No reversible error appearing, the judgment is affirmed with costs against appellant, but without the ten per cent penalty for delay sought by appellee.

Affirmed without penalty.