Harbison v. Vaughan.

## HARBISON V. VAUGHAN.

1. HOMESTEAD: *Object of homestead laws: Head of family.*

The protection of the family from dependence and want is the object of all homestead laws. Apart from his family the debtor is entitled to no special consideration. But it is not necessary that the homestead claimant should be a husband or parent.

2. SAME: *What is a family?*

To constitute a family, within the meaning of the homestead laws, a mere aggregation of individuals in the same house is not sufficient. There must be an obligation upon the head of the house to support the others, or some of them, and on their part, a corresponding state of dependence. (*Greenwood & Son v. Maddox & Toms*, 27 *Ark.*, 648, explained.)

3. MORTGAGE: *Foreclosure against heir.*

In foreclosing a mortgage against the heir of the mortgagor it is error to render a personal decree against him for the debt.

4. INTEREST: *Judgment.*

A judgment on a contract bearing interest above ten per cent. per annum, will bear only ten per cent. from the date of the judgment.

APPEAL from *Ashley* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*T. F. Sorrells* and *F. W. Compton* for appellant.

The father of appellant, at the time of the execution of the mortgage, was the "head of a family," within the meaning of the Constitution of 1868, which positively forbids the incumbrance of a homestead. He was a resident

Harbison v. Vaughan.

of the State; the owner of a dwelling occupied as a home; possessed household and kitchen furniture; kept family supplies, etc. His family consisted of two nephews, one a minor, and his father, who was aged, infirm and dependent, etc. It was not necessary that he should be either husband or father. *20 Mo.*, *75; Thompson on Homesteads,* sec. *59; 14 How. Pr.* (*N. Y.*), *521; 11 Iowa, 104; 27 Ark., 658; Wesbter's Dic.,* "*Family,*" etc.

Homestead statutes are remedial and liberally construed. *24 Ark., 155; 25 Ib., 101.*

It is a mistake to suppose that the word "dependent" necessarily means dependence upon the head of a family for nothing more than food and raiment. The family organization is not recognized for such purposes *only;* other elements—moral and intellectual—enter into it, and tend to promote the welfare of its members. The fact that the nephews had property, and that the father lived with other children at times, will not take away the claimant's right to homestead. See cases *supra* for illustrations.

SMITH, J. Jackson P. Harbison, in the year 1872, borrowed of Vaughan $957.50, for which he made his note, payable at two months, with interest at the rate of three per cent. a month until paid. For security he mortgaged three lots in the town of Hamburg, upon which were situate his dwelling house and a livery stable, with power of sale upon default of payment. When the property was advertised by the mortgagee, Harbison filed his bill to enjoin the sale, claiming that the mortgage was void under section 2, of article 12, of the Constitution of 1868, which forbade a married man, or head of a family, incumbering his homestead.

When the mortgage was executed, Harbison had neither wife nor children; indeed, had never been married. But

Harbison v. Vaughan.

his aged father occasionally paid him long visits, not being dependent, however, on the son for a home; for his wife, a woman of property, had a residence in Little Rock, and he had other children with whom he was in the habit of spending a portion of his time. Harbison had, also, two nephews living with him, one of whom was twenty-three or twenty-four years old, and in his employment. The other was not quite of age. Both had means of their own, and pecuniarily were independent of their uncle.

The court below decreed foreclosure of the mortgage upon the cross-bill of the defendant.

The protection of the family from dependence and want is the object of all homestead laws. Apart from his family the debtor is entitled to no special consideration. *Tomlinson v. Swinney, 22 Ark., 400; McKenzie v. Murphy, 24 Ib., 157; Ward v. Mayfield, 41 Ib., 94.*

*1. Object of homestead laws.*

However, it is not necessary that the homestead claimant should be a husband or a parent. But to constitute a family, within the meaning of such statutes, something more is required than a mere aggregation of individuals residing in the same house. The cases seem to unite upon this test—that there must be an obligation upon the head of the house to support the others, or some of them, and a corresponding state of dependence on the part of the members so supported. *Thompson on Homesteads and Exemptions, ch. 2, and particularly sec. 46.*

*2. What is a family?*

*Greenwood & Son v. Maddox & Toms, 27 Ark., 648*, is not in conflict with this. For although it is there intimated that an elder brother, having charge of minor sisters, who were possessed of property in their own right, might be considered the head of a family, yet the case arose and was actually decided under section 3, article 12, Constitution of 1868, which did not restrict the benefit of exemption to married men or heads of families, but extended to all residents of the State.

3. No personal judgment against heir for mortgage debt.

The decree below must, however, be modified in two particulars. During the pendency of the suit, Harbison married and afterwards died, and the cause was revived in the name of his infant son and sole heir. Against him a personal judgment for the debt and damages was entered. This was unwarranted. He was not personally liable. All the relief that the defendant could have in this suit was a condemnation of the lots to sale in case the debt and interest were not paid.

4. JUDGMENT: Conventional interest.

Again: The judgment is made to carry interest from its rendition at the rate of three per cent. a month. This is to be reduced to ten per cent., according to the rule settled in *Badgett v. Jordan, 32 Ark., 154, and Miller v. Kempner, Ibid, 573.*

Reversed and remanded, with directions to render a decree in favor of the defendant in accordance with this opinion and to proceed with its execution.

The appellant will recover the costs of this court.