## BALDWIN *v.* THOMAS.

Opinion delivered January 31, 1903.

1. HOMESTEAD—HEAD OF FAMILY.—Where the owner of land resides upon it with his widowed mother and unmarried sister, and supports them, he is the head of a family, within the meaning of the homestead law. (Page 208.)

2. SAME—LOSS OF FAMILY.—One who has acquired a right of homestead as head of a family will not lose such right by subsequent loss of the family if he retains his residence thereon. (Page 208.)

3. SAME—EFFECT OF GIVING MORTGAGE.—One who has mortgaged his homestead to secure a debt is not precluded from claiming it as exempt as against a judgment at law on such debt. (Page 209.)

Appeal from Ashley Chancery Court.

J. G. WILLIAMSON, Special Chancellor.

Affirmed.

STATEMENT BY THE COURT.

Baldwin & Lake recovered judgment against Willis D. Thomas in Ashley county for $1,037.86. Afterwards an execution issued

on the judgment, and was levied upon 110 acres· of land belong-
ing to Thomas. The land was sold under the execution, and pur-
chased by Norman, and after the expiration of the time for re-
demption the sheriff executed a deed to Norman, who purchased for
Baldwin & Putnam. Norman brought an action of ejectment, and
recovered judgment for possession of the land. Afterwards Thomas
· brought this action to enjoin Baldwin & Putnam and Norman
from enforcing either of the judgments, on the ground that no
summons or notice of the proceedings in which they were recovered
was served upon him, and that they were therefore void. He
further alleged that he had a good and valid defense to said judg-
ments, among which was the allegation that the land was his home-
stead, and not subject to sale under execution.

The defendants appeared, and filed their answer to the com-
plaint, in which answer they deny that· the judgment recovered
against Thomas for money was without service, and they set out
the summons issued in that action with return of the officer who,
they say, served the summons, but they made no reference in their·
answer to the ejectment suit, and make no denial of the allegation
of Thomas that he had no notice of the pendency of the action in
which that action was recovered. But they denied that the land of
Thomas was a homestead, or exempt as such.

On the hearing, the special chancellor before whom the case
was tried found that the money judgment was based on a sufficient
service of summons, and was valid, but that the land levied upon
was the homestead of Thomas and exempt from execution. He
therefore enjoined the enforcement of the judgment against the
land for the reason that it was, in his opinion, a homestead and
exempt. Baldwin & Putnam and George W. Norman, defendants,
appealed.

*Geo. W. Norman,* for appellants.

The claim of homestead was not well taken. 42 Ark. 539.

*Turner Butler* and *Robert E. Craig,* for appellee.

A judgment without notice is void. Sand. & H. Dig. § 4192.
The false return of the officer that he had served process may be
controverted. 33 Ark. 778; 50 Ark. 458. The facts shown in evi-
dence sustain the ruling upon the question of homestead. 42 Ark.

541; Th. Hom. §§ 45, 55, 59; 70 Am. St. 107; 43 Ark. 429; 65 Ark. 473; 66 Ark. 383.

RIDDICK, J., (after stating the facts.)   This was a suit in equity to enjoin two judgments; one a judgment for money and the other a judgment in ejectment for the recovery of land, the latter judgment being based on an execution sale under the former judgment.   It seems to have been conceded on the trial that the judgment in the action of ejectment was invalid by reason of the fact that there was no summons served upon Thomas, the defendant in that action, and no question is made here as to that judgment. As to the money judgment, the special chancellor found that the evidence was not sufficient to overcome the presumption arising from the recital of service in the record and the return of the officer that he had served the summons upon the defendant.   He therefore held that the judgment was valid and binding upon defendant.   After considering the evidence, we are of the opinion that this ruling was correct.

On the next point, as to whether the land seized and sold under the execution was the homestead of the defendant, the chancellor found that Thomas was for a period of about ten years the head of a family, and resided upon the land in question, of which he was the owner, and that he has continued to reside upon this land, and still resides upon it, and claims it as a homestead.   The chancellor thereupon held that the land was his homestead, and exempt from execution.   On this question, we feel that there is more room for doubt, but, after consideration of the evidence, we think it is sufficient to uphold the finding that Thomas after the death of his father owned and lived upon this 110 acres of land, that his mother and a single sister lived with him, that he supported them, and was the head of the family.   This being so, it follows that he was entitled, as the head of a family, to claim this land as a homestead.   Afterwards, in the course of time, his mother and sister died, and he has now no family.   But, though a man cannot acquire a homestead right without a family, yet, when the homestead estate is once acquired, he is not, under the law, as construed by the decisions in this state, deprived of it by the loss of his family.   "When the association of persons which constitutes the family is broken up, whether by separation or the death of some of the members, the right of homestead continues in the former head of the family, provided he still resides at his old home."   This ruling was made in

the case of *Stanley* v. *Snyder,* 43 Ark. 429, and, though it has often been criticised, it has been followed in so many cases since that it must now be considered as settled. Under these decisions, we are of the opinion that the decision of the chancellor that the land in question was a homestead is supported by the evidence, and it must be affirmed.

Counsel for appellant further contend that Thomas cannot claim his homestead as exempt against the judgment in this case for the reason that he had heretofore mortgaged his homestead to secure the debt for which the judgment was rendered. But, if that be so, the question as to whether such mortgage is a lien on the homestead will be presented when an action is brought to foreclose the mortgage, or when he seeks to obtain possession of the land by virtue of the mortgage. No such question is presented here, for the judgment against which Thomas sets up the right of homestead is a judgment at law on the debt, and not a judgment foreclosing the mortgage. On the whole case, we think the judgment should be affirmed, and it is so ordered.