**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**John W. PENNINGTON and Robert Howell Summerville, Appellees.**

**No. 17360.**

United States Court of Appeals
Eighth Circuit.

Nov. 19, 1963.

Jacob Sharp, Jr., of Cockrill, Laser, McGehee & Sharp, Little Rock, Ark., for appellant.

Ted Boswell of Hall, Purcell & Boswell, Benton, Ark., Frances Holtzendorff, Little Rock, Ark., for appellee Summerville.

J. B. Milham, Benton, Ark., for appellee John W. Pennington.

Before VOGEL and MATTHES, Circuit Judges, and ROBINSON, District Judge.

ROBINSON, District Judge.

This is an appeal by plaintiff below, State Farm Mutual Automobile Insurance Company, from the judgment of the United States District Court, Eastern District of Arkansas, Western Division, wherein the District Court adjudged,

1) That plaintiff's complaint for a declaratory judgment to the effect that it owes no obligation to the defendants, John W. Pennington and Robert Howell Summerville, under the policy of automobile insurance described and referred to in the pleadings and evidence be dismissed with prejudice.

2) That on the counterclaim of defendant, John W. Pennington, the plaintiff is obligated under the aforementioned policy to pay up to its policy limits the judgment obtained by defendant Robert Howell Summerville in the Circuit Court of Saline County, Arkansas, against defendant John W. Pennington.

3) That on the counterclaim of defendant Robert Howell Summerville, the said Summerville have and recover of plaintiff the sum of $10,000, together with a statutory penalty of 12 percent of said sum, and an attorney's fee in the sum of $1,-000, together with his costs.

4) That appellee John W. Pennington's prayer for allowance of a statutory penalty and an attorney's fee is denied.

The opinion of the District Court may be found at 215 F.Supp. 784 [1963].

Jurisdiction is based upon diversity of citizenship and the requisite amount in controversy.

It appears that appellant issued the policy to one Andrew Summerville affording liability coverage on a 1950 Ford 1½ ton truck. Thereafter, on June 25, 1960, while said policy was in force, John W. Pennington was operating the insured vehicle with permission of the named insured, Andrew Summerville, so that Pennington became the insured under the policy for all purposes. Appellee, Robert Howell Summerville, was riding as a passenger in the insured vehicle. While said vehicle was being so operated by John W. Pennington, with Appellee Summerville riding as a passenger, Appellee Summerville fell out of the truck and was injured.

On August 10, 1961, suit was filed by Appellee Summerville against John W. Pennington in the Circuit Court of Saline County, Arkansas for the recovery of damages alleged to have arisen from the accident. Appellant, undertook defense of that action on behalf of Appellee John W. Pennington but reserved its right to deny coverage, and trial of the case resulted in a verdict and judgment in favor of Appellee Summerville in the

amount of $18,000, which judgment was entered of record on April 30, 1962.

The policy of insurance excludes from coverage " * * * bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." As the case was finally submitted to the trial court, this exclusion was the only basis upon which Appellant asserted non-liability under its policy. The trial court conceded perhaps that Pennington and Summerville were members of the same "household", but held that the exclusion does not apply to Appellee Summerville, for the reason that Appellees Pennington and Summerville had not been shown to be members of the same family.

■ This being a diversity of citizenship case, the law of Arkansas is controlling. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 [1938]. The trial court stated its function as follows:

> "With no ruling or particularly instructive Arkansas cases to serve as a guide, it becomes the duty of court to determine as best it can how the Supreme Court of Arkansas would construe the exclusion in question and how that court would apply it to the facts shown by the record. In making that determination reference must be made to underlying principles of Arkansas insurance law and to the decisions from other jurisdictions in which the question has been presented."

■ We shall now consider whether the District Court properly applied the law to the facts of this case so as to arrive at a permissible conclusion. Our function is described in Campbell v. Village of Silver Bay, Minnesota, 315 F.2d 568, 575 [C.A.8 1963] wherein Judge Blackmun, speaking for the court, stated as follows:

> "Finally, and in any event, we revert to principles well established by decision of this court: that our task is not to formulate the legal mind of the State but merely to ascertain and

apply it; that the standard for review here on a doubtful question of state law is only whether the trial court has reached a permissible conclusion; that the appellants' burden of showing misconception or misapplication of local law by the trial court is a heavy one; and that where we feel that the trial court has reached a permissible conclusion we do not interfere with it. * * *"

■ Provisions of a policy of insurance are construed most strongly against the insurance company that prepared it, Travelers Indemnity Company v. Hyde, 232 Ark. 1020, 342 S.W.2d 295 [1961]. While it is true that the Court resorts to such rule of construction when there is ambiguity, the rule is equally well established that, where no ambiguity exists, the Court is not required to use a forced construction which is plainly outside the language of the policy. McKinnon v. Southern Farm Bureau Casualty Ins. Co., 232 Ark. 282, 335 S.W.2d 709 [1960]. Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense. State Farm Mut. Automobile Ins. Co. v. Belshe, 195 Ark. 460, 112 S.W.2d 954 [1938].

This Court has stated, in Jefferson Insurance Co. of Pine Bluff, Ark. v. Hirchert, 281 F.2d 396 [1960]:

> "The law of Arkansas relative to the construction of insurance contracts apparently differs in no respect from that almost universally applied. Mr. Justice Sutherland, in Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416, stated the rule as follows:
>
> > " '* * * It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. * * * This canon of construction is both reasonable and just, since the words of the

policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

" 'Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. * * * ' "

We are aware of no Arkansas case which interprets the exclusionary language used in this policy. It is true that the Court, in Central Manufacturers' Mutual Insurance Company of Van Wert, Ohio v. Friedman, 213 Ark. 9, 209 S.W.2d 102, 1 A.L.R.2d 557 [1948] held the insured's minor son in military service was "members of the Insured's family of the same household." However, the Friedman case deals with an inclusionary clause, and indeed states the rule to be well settled that policies of insurance must be construed, in case of any ambiguity, most strongly in favor of the policyholder, and against the insurer who wrote the insurance contract. It is clear then that this case is of little or no value in interpreting the exclusionary clause here in question. Cases arising under the homestead laws have dealt with the word "family" viz., Greenwood and Son v. Maddox & Toms, 27 Ark. 648 [1872] [unmarried man who succeeded his deceased father as guardian in the care of his minor sisters who continued to live with him on the family mansion when not at school was considered "head of the family"]; Harbison v. Vaughan, 42 Ark. 539 [1884] [unmarried man whose nondependent aged father occasionally paid him long visits and whose pecuniarily independent nephews, one a minor and one an adult in his employment, lived with him was held not the "head of a family"]; Yadon v. Yadon, 202 Ark. 634, 635, 151 S.W.2d

969 [1941] [widow and adult employed daughter, who paid no rent but contributed what she could spare to household expenses, were considered a "family"]. However, we agree with the Minnesota Court which, in Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N.W. 2d 855, 862, 50 A.L.R.2d 108, 117 [1953] pointed out the "danger of attempting to apply a definition of the word 'family' to a case involving an entirely different situation from the one in the case in which it has been defined without regard to the purpose intended to be accomplished by the sentence or clause in which the word is used. * * * "

The cases cited by the parties in their briefs and the cases contained in the annotation at 50 A.L.R.2d 120 describe a variety of relationships and a variety of exclusionary clauses. Although some of the clauses are identical with the clause now under consideration, none of the cases present a factual situation such as we have here.

An uncle-nephew relationship existed in the case of Jackson v. State Farm Mut. Auto. Ins. Co. [1947, La.App.] 32 So.2d 52 [1947]. The uncle occupied a room in the same house [owned by him] in which the child's parents lived. They all lived together under some arrangement which apparently was mutually satisfactory to them all in so far as any charges for rent and for board and lodging were concerned. The court there expressed its opinion that their mere living together under the circumstances shown, did not make the parties members of the same household. In addition to the fact that the court's statement was dictum, the relationships in the Jackson case differ materially from relationships in the instant case.

Perhaps the most persuasive cases in behalf of Appellant's position are Hunter v. Southern Farm Bureau Casualty Insurance Company, 241 S.C. 446, 129 S.E. 2d 59 [1962], and Third National Bank of Ashland v. State Farm Mutual Automobile Insurance Company (Ky.) 334 S.W.2d 261 [1960]. Both the South Carolina and the Kentucky Courts, in

considering the relative importance of linguistic precision and the purpose of the exclusionary language, concluded that the purpose should be given greater weight. This is well illustrated by the following language of the Kentucky Court in Third National Bank of Ashland v. State Farm Mutual Automobile Insurance Company, supra, 334 S.W.2d p. 263:

"Whether Phyllis McBrayer was a member of the 'family' of Joyce Sewell and resided in the same 'household' is a question which could easily be developed into an exercise in semantics. We do not believe, however, that a useful purpose would be served by a lengthy analysis of the ways in which these terms have been variously defined and construed. We are impressed by the fact that the clear purpose of the exclusion was to protect the insurer from over-friendly lawsuits, which nearly always would exist where plaintiff and insured defendant are bound by ties of kinship and are living together. * * * "

While the South Carolina and the Kentucky cases favor the Appellant's position, we cannot say that the District Court was bound to follow the theory expounded therein. The case of Hoff v. Hoff, 132 Pa.Super. 431, 1 A.2d 506 [1938] demonstrates the proposition that even though there does exist that familial relationship which is the ordinary object of the exclusionary clause, there is no exclusion unless the factual situation fits the exclusionary language.

■ The trial court found that the plaintiff has not established John W. Pennington and Robert Howell Summerville to be members of the same family and concluded that the exclusion therefore was not applicable. A review of the evidence in the record indicates that a family relationship in its most fundamental natural meaning existed between John W. Pennington and his father Ollie Pennington. This was not so regarding Ollie Pennington and his brother-in-law Robert Howell Summerville and his nephew John W. Pennington. Since this relationship by blood alone does not thus cause them to be members of the same family, does their living in the same domestic establishment, under the circumstances there present, add a missing element which, combined with the blood relationship, renders them members of the same family? We think not. The circumstances which most strongly militates against a family relationship between uncle and nephew is the temporary nature of the domestic relation between them.

The court found that the John W. Penningtons moved into the Ollie Pennington home in November or December 1959 on the occasion of John W. Pennington's being laid off from his job and being no longer able to pay rent on his apartment, and that they moved out a few days after the accident. The court found that Summerville in the fall of 1959 returned to Arkansas from a stay of several years in California and moved in with the Ollie Penningtons with whom he had resided at least for a time before going to California. The court further found that the Ollie Pennington house, a three room house, was occupied by nine people. These findings and the evidence of other facts appearing in the record indicate that the domestic relation between uncle and nephew was so impermanent as to not reach the status of a family relation. Accordingly we hold that the District Court's finding and conclusion that the exclusion is inapplicable is not erroneous and is a permissible one.

■ We now turn to Appellee Pennington's objection to the fourth adjudication of the District Court, i. e. that the prayer of defendant Pennington for the allowance of a statutory penalty and an attorney's fee be denied. Appellee Pennington filed a brief in this court in which he maintains that the District Court erred in denying petitioner's claim for attorney fee and the 12% penalty, citing Arkansas Statutes 66–3238 and 66–3239. The record does not disclose a filing of Notice of Appeal from this ruling in the District Court.

A consideration of the above quoted section of the Arkansas Statutes and the opinion of the trial court satisfies us that the trial court reached a permissible conclusion on this question.

Furthermore, no cross-appeal was taken and the question which Appellee attempts to raise cannot be considered. Angelina Casualty Company v. Bluitt, 235 F.2d 764 [C.A.5 1956]; Standard Acc. Ins. Company v. Roberts, 132 F.2d 794 [C.A.8 1942].

The judgment of the District Court is affirmed.