Shirley ROSS *v.* Raymond E. WHITE

CA 84-346                                    689 S.W.2d 588

Court of Appeals of Arkansas
Division II
Opinion delivered May 22, 1985

*Witt Law Firm*, for appellant.

No brief filed for appellee.

TOM GLAZE, Judge. This appeal ensues from an order whereby the Logan County Circuit Court held the appellee's homestead was exempt from any levy or sale under an earlier judgment rendered against appellee in favor of appellant. Appellant urges the trial court erred because appellee failed procedurally and substantively to establish his homestead exemption. Appellant also argues the trial court erred in assessing costs against her in the sum of $100.00. We affirm.

Appellant first contends appellee failed to follow the required procedure set out in Ark. Stat. Ann. § 30-209 (Supp. 1983) for claiming an exemption of his properties from a levy of execution. She argues appellee did not exercise good faith and diligence in filing a schedule of property, he failed to list all his

property and give proper notice of filing his schedule, and in obtaining a stay of execution, he did not comply with the requirements of Ark. Stat. Ann. § 30-311 (Repl. 1979).

While we may agree with appellant that appellee did not satisfy all of the procedural aspects of §§ 30-209 and -311, we cannot agree that she has demonstrated any prejudice as a result of such procedural infirmities. For example, appellee clearly failed to list all his property until he amended his schedule on March 29, 1984 — three days after the court heard evidence on whether to quash appellant's execution. Appellant refers us to *Brown* v. *Peters*, 53 Ark. 182, 13 S.W. 729 (1890) wherein the Supreme Court held the debtor's schedule must set out all of his property or no supersedeas should have issued. We note that, although the Supreme Court in *Brown* reversed and directed the trial court to quash the supersedeas issued in the debtor's favor, the Supreme Court concluded that its action or direction did not prejudice the debtor's right to file a schedule according to law. Here, the trial court permitted and accepted appellee's belated filing of his amended schedule which listed all his property. We believe the court's decision to do so is consistent with the *Brown* decision and the settled rule that a liberal construction should be given the requirements contained in § 30-209, *supra. See Williams* v. *Swann*, 220 Ark. 906, 251 S.W.2d 111 (1952).

Our review of the record and the appellee's amended schedule also reflects that the properties listed were well within the exemptions to which he is entitled by law. Thus, regardless of appellee's technical noncompliance with the procedural matters named by appellant, we are unaware of how appellant was prejudiced. For the same reason, we find no reversible error (if indeed an error exists) in the trial court's issuance of a stay in this proceeding. Other reasons dictate appellant was not harmed by the untimely notice and late filing of appellee's schedule. Appellant had deposed appellee one month prior to the March, 1984, hearing, and she thoroughly cross-examined appellee at the hearing. Appellant was fully aware of the properties to which appellee claimed ownership even though appellee belatedly filed his list of properties.

Appellant next argues that appellee failed to establish his real property as a homestead, but if it were a homestead, appellee had abandoned it. Appellee and his former wife moved onto the

subject property in 1974 and occupied the house on the premises until they divorced in 1977. Appellee testified that he considered this property his home even though he divorced and his work subsequently required him to be in California. He stated that he and his mother have continued the mortgage payments on the property, and during the times he returns to Arkansas, he occupies and works on the house. He allowed his sister to move into his house in August, 1983, but he testified she pays no rent. Appellee's sister corroborated she pays no rent, and stated further that appellee was living in his house when she moved in. Sometime during his stay in California, appellee remarried, but his new wife attends school in California and has never lived in appellee's Arkansas home. Appellee maintains that he pays taxes and is registered to vote in Arkansas, and that he has never abandoned his Arkansas homestead.

Under article 9, section 3, of the Arkansas Constitution, the homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment or to a sale under execution. In the instant case, appellee clearly established his homestead when he married and moved onto the subject property in 1974. It is also settled that once appellee acquired and occupied the homestead while he was the head of a family, the fact that he and his wife divorced does not deprive him of the right to claim his homestead as exempt if he still resides on it. *See Butt* v. *Walker*, 177 Ark. 371, 6 S.W.2d 301 (1928). Thus, the critical issue is whether appellee abandoned his homestead after his divorce in 1977. Appellee offered the only evidence on this issue, and based upon that proof, we cannot say the trial judge clearly erred in deciding the appellee had impressed a homestead on his property and never abandoned it.

In conclusion, we address appellant's argument that she was assessed erroneously $100.00 in costs. Appellant complains that the appellee should not have been awarded costs because there was no proof that appellee had expended or was otherwise entitled to reimbursement for such costs. From our review of the record, we find no objection to the trial court's award of costs, nor can we find where the assessment-of-cost issue was raised. For that reason, we affirm the court's award. *See Albritton* v. *Prudential Ins. Co.*, 1 Ark. App. 346, 615 S.W.2d 412 (1981).

Affirmed.

COOPER and CORBIN, JJ., agree.