**In re Kenneth L. COLLINS, Debtor.**

Bankruptcy No. 91–15499F.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Oct. 21, 1992.

---

Barry J. Watkins, Springdale, AR, for debtor.

Claude R. Jones, Trustee, Harrison, AR.

## ORDER

JAMES G. MIXON, Chief Judge.

On July 17, 1991, Kenneth L. Collins (the debtor) filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. On July 17, 1991, Claude R. Jones, Esq., was appointed trustee of his estate.

The debtor listed a "residence under schedule B–1, real property and assigned a value of $70,000 subject to a mortgage indebtedness in the sum of $37,000." The debtor claimed the residence as exempt under the provisions of Article 9, section 3, of the Arkansas Constitution. The trustee filed a timely objection to the claim of exemption and after a hearing the matter was taken under advisement.

The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Court has jurisdiction to enter a final judgment in this case.

## I. BACKGROUND

Shortly before August 1987, the debtor's girlfriend, Frances Woods Crow Henson, determined she was pregnant with the debtor's child. At the time, Henson was living in an apartment with her child from a previous marriage. In August 1987, after learning of Henson's pregnancy, the debtor, a single man, purchased his residence. The debtor testified that he purchased the residence to provide a home for Henson and his unborn child.

When the residence was purchased, Henson and her child of a previous marriage, moved in with the debtor. Henson gave birth to the debtor's child in February 1988. The debtor, Henson, and the two children resided in the residence until February 1989, when Henson became involved with another man and left with the two children. She never returned to reside with the debtor and is currently married to someone else.

The evidence establishes that during the time Henson and the debtor lived together, each contributed an unspecified percentage of support for the household. The debtor paid the house payment, utilities, and some of the food. Henson drew social security benefits and stated that "Ken paid the household expenses and [she] just bought the clothes," took care of the children, and paid her own car payment. (Record at 17). She also said she paid $6,000 in medical expenses in connection with the birth of the debtor's child, $1,500 of which the debtor has since reimbursed to her. Henson acknowledged "trying to live together ... trying to do everything without being husband and wife but doing things that husbands and wives do." (Record at 20).

The debtor claims that the above-stated facts qualify him as a head of a family and, therefore, he is eligible to claim a homestead exemption under the Arkansas Constitution. The trustee argues that the facts do not establish the debtor as a head of a family.

## II. DISCUSSION

 Article 9, section 3, of the Arkansas Constitution provides in relevant part that "[t]he homestead of any resident of this state who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon...." Ark. Const. of 1874, art. IX, § 3. The purpose of the homestead exemption is to protect the family from dependence and want. *In re Pate*, 95 B.R. 102 (Bankr.W.D.Ark.1988); *Harbison v. Vaughan*, 42 Ark. 539 (1884). The constitutional provision allowing homestead exemptions is to be liberally construed in favor of the person asserting the exemption. *Rowe v. Gose*, 240 Ark. 722, 401 S.W.2d 745, 746 (1966); *Yadon v. Yadon*, 202 Ark. 634, 151 S.W.2d 969 (1941). Once the homestead exemption right is acquired, the debtor cannot be deprived of his homestead exemption by the loss of the family. *Scott Co. Bank v. McCraw (In re McCraw)*, 58 B.R. 175 (Bankr.W.D.Ark. 1985); *Ross v. White*, 15 Ark.App. 98, 689 S.W.2d 588 (1985); *Beeson v. Byars*, 187

Ark. 966, 63 S.W.2d 540 (1933); *Baldwin v. Thomas*, 71 Ark. 206, 72 S.W. 53 (1903).

 It is not necessary that the homestead claimant be a husband or parent, but something more than a "mere aggregation of individuals residing in the same house" is required. *Harbison v. Vaughan*, 42 Ark. 539, 541 (1884). The party claiming the right to the homestead exemption has the burden of proving the existence of the exemption right. *In re Pate*, 95 B.R. 102 (Bankr.W.D.Ark.1988) (citing *Arkansas Sav. & Loan Ass'n v. Hayes*, 276 Ark. 582, 637 S.W.2d 592 (1982)).

 The Arkansas Supreme Court has recognized three factors that are important in determining whether a claimant qualifies as head of a family. The factors are: (1) the existence of an obligation upon the claimant to support others residing in the household; *Harbison v. Vaughan*, 42 Ark. 539, 541 (1884); (2) the existence of a corresponding state of dependence upon those being supported; *Id.* and (3) the existence of a role of authority for the head of the family where the status or relationship of the family exists. *Yadon v. Yadon*, 202 Ark. 634, 151 S.W.2d 969, 970 (1941); *see also In re Pate*, 95 B.R. 102 (Bankr. W.D.Ark.1988).

 The first factor to be considered is whether the evidence establishes the existence of an obligation of the debtor to support the others residing in the household. The cases indicate that the "family" does not have to be a conventional family, nor does the obligation to support have to be a legal obligation. *See Harbison v. Vaughan*, 42 Ark. 539 (1884) (debtor supported his two nephews and father); *Baldwin v. Thomas*, 71 Ark. 206, 72 S.W. 53 (1903) (debtor supported mother and single sister).

 Here, the debtor purchased his residence upon learning Henson was pregnant with his child. Henson and her child from a previous marriage moved into the residence with the debtor. The debtor then undertook the obligation to support his own child, as well as Henson, and Henson's

child by a previous marriage. Therefore, the evidence satisfies the initial element to establish the debtor as head of family.

■ The second element requires a corresponding state of dependence upon those being supported. The testimony is that both the debtor and Henson contributed to the support of the family. The fact that the family was only partially dependent on the debtor does not defeat a head of family claim. *Yadon v. Yadon*, 202 Ark. 634, 151 S.W.2d 969 (1941). The debtor provided a home for his child, his child's mother, and her child by a previous marriage. In addition to paying the house payment, he paid all the utilities and also provided some of the support for other basic needs such as food. Therefore, his child, his child's mother, and her child by a previous marriage were all dependent on him for some of their basic needs, which satisfies the second element to establish the debtor as head of family.

The third element is that the head of the family is one in authority where the status or relationship of the family exists. In many modern families, the husband and wife share family authority equally. Therefore, the concept of a husband assuming a dominate or authoritative status in relation to the status of his wife is not always a valid assumption in today's society. There was sufficient evidence to establish the debtor as being in an authoritative position in the relationship. As the owner of the residence, the debtor had the authority to dictate to the family whether or not they would be permitted to reside in the residence. In addition, Henson and the debtor both testified that they lived together, for all purposes, as husband and wife, without taking the formal step of matrimony.

■ The debtor has satisfied all the elements necessary to establish his being the head of family during the time his child, his child's mother, and her child by a previous marriage were living with him in his home. The debtor's right to claim his exemption continues, notwithstanding the fact that his family has departed. *Scott Co. Bank v. McCraw (In re McCraw)*, 58 B.R. 175 (Bankr.W.D.Ark.1985); *Ross v. White*, 15 Ark.App. 98, 689 S.W.2d 588 (1985); *Beeson v. Byars*, 187 Ark. 966, 63 S.W.2d 540 (1933); *Baldwin v. Thomas*, 71 Ark. 206, 72 S.W. 53 (1903). Therefore, the trustee's objection to the claim of exemption is overruled.

IT IS SO ORDERED.