**In re Robert P. MORRIS, The Debtor.**

**No. 2:05–BK–79713.**

United States Bankruptcy Court,
W.D. Arkansas,
Ft. Smith Division.

March 13, 2006.

John M. Robinson, Jr., Fort Smith, AR, for Debtor.

### ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

Before the Court is the Trustee's Objection to Exemptions filed by R. Ray Fulmer, II [the Trustee]. The Trustee objects to the Debtor's claim of homestead exemption under the Arkansas Constitution. The issue before the Court is whether the Debtor qualifies as a head of household. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9014.

### FACTS

The Debtor filed his Chapter 7 petition on October 14, 2005. On his schedules the Debtor listed his interest in real property located at 1455 N. 40th, Fort Smith, Ar-

kansas, [the House] as exempt under state homestead exemption law. The Debtor asserts that he is entitled to this exemption as a head of household.

The Debtor is unmarried and was unmarried at all times pertinent to his homestead claim. Phillip Lee Morris [Mr. Morris], the Debtor's brother, currently resides with him. However, the Debtor and Mr. Morris both testified that he is not dependent on the Debtor for support. The Debtor also testified that his mother lived in the House with him from the time he purchased it in 1989 until her death in 2002. The Debtor and Mr. Morris gave credible testimony that their mother was dependent on the Debtor for support while she lived in the house. The Debtor's mother received a monthly social security check in the amount of $390.00, and held a part time job at which she earned approximately $320.00 per month. The Debtor testified that he had to transport his mother to the doctor and anywhere she needed to go because she did not drive. The Debtor also testified that he spent money out of his own pocket to care for his mother, such as for groceries and medication. When the Debtor was at work, Mr. Morris would come over and assist their mother, further indicating her dependent status.

Based on the foregoing, the Court finds that the Debtor established himself as head of household under Arkansas law while his mother lived with him. The fact that the Debtor filed bankruptcy after her death does not affect his right to claim the property as exempt.

**LAW**

 Section 522(b)(2)(A) of the Bankruptcy Code allows a the Debtor to exempt any property that is exempt under state law as of the date of the bankruptcy petition. 11 U.S.C. § 522(b)(2)(A). The burden of proof, under both federal bankruptcy law and Arkansas law, is allocated to the party objecting to the homestead exemption. Fed. R. Bankr.P. 4003(c); *In re Jones*, 193 B.R. 503, 506 (Bankr.E.D.Ark. 1995). The Trustee thus carries the burden.

Here, the Debtor claimed a homestead exemption under Article 9, § 3 of the Arkansas Constitution,[1] which states:

> The homestead of any resident of this State, who is married or the head of a family, shall not be subject to the lien of any judgment or decree of any court, or to sale under execution, or other process thereon, except such as may be rendered for the purchase money, or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes, or against executors, administrators, guardians, receivers, attorneys for moneys collected by them, and other trustees of an express trust, for moneys due from them in their fiduciary capacity.

Ark. Const. Art. 9, § 3; Ark.Code Ann. § 16–66–210 (Supp.2003).

 As a general matter, homestead exemptions under the Arkansas Constitution are to be liberally construed in favor of the exemption. *In re Kimball*, 270 B.R. 471, 478 (Bankr.W.D.Ark.2001). Commensurately, all presumptions are to be made in favor of preservation and retention of the homestead. *Jones*, 193 B.R. at 506.

 In order to establish a homestead in Arkansas, the following elements must be met: (a) the party claiming the exemption must be the head of a household or

---

1. The Debtor also cited Article 9, § 4 of the Arkansas Constitution as a basis for his claim of exemption. This section simply deals with the value and acreage entitled to be exempt for a rural homestead.

married; (b) the property must be occupied as a home; and (c) the party claiming the exemption must be a resident of the state of Arkansas. *In re Webb*, 121 B.R. 827, 829 (Bankr.E.D.Ark.1990).

■ Here, the issue raised is whether the unmarried Debtor qualifies as a head of household. Under Arkansas law, "it is not necessary that the homestead claimant be a husband or parent, but something more than a 'mere aggregation of individuals residing in the same house' is required" to establish a head of household. *In re Collins*, 152 B.R. 570, 572 (Bankr.W.D.Ark.1992)(quoting *Harbison v. Vaughan*, 42 Ark. 539, 541 (1884)). The Arkansas Supreme Court has established three factors that are important in determining whether a claimant qualifies as head of household: "(1) the existence of an obligation upon the claimant to support others residing in the household, (2) the existence of a corresponding state of dependence upon those being supported, and, (3) the existence of a role of authority for the head of the family where the status or relationship of the family exists." *Id.* (citations omitted).

■ Applying these factors in the present case demonstrates that the Debtor was a head of household. With regard to the first factor, the obligation to support, case law indicates that the obligation does not have to be a legal one. *See, e.g., Collins*, 152 B.R. at 572. The Debtor provided care and support for his mother by driving her to places she needed to be and helping her purchase items such as medication. The Debtor, while perhaps not legally obligated, undertook the obligation of supporting his mother when she resided in the household.

■ Correspondingly, the mother was dependent on the Debtor for his assistance. Testimony was clear that the mother was unable to drive herself and needed the Debtor to transport her to the doctor, grocery store, and anywhere else. In addition, the mother's total monthly income was approximately $710.00. With a yearly income of approximately $8520.00, it would appear that the mother was dependant at least in part on the Debtor to assist her in meeting her basic needs, including basic housing and medical expenses. The fact that the dependent person is only partially dependent on the Debtor does not defeat a head of family claim. *Collins*, 152 B.R. at 573. Therefore, the second element has been satisfied.

Finally, the third factor requires a role of authority from the person claiming head of family. While no testimony was proffered to show that the Debtor was in the decision making role with regards to household affairs, no evidence was provided to show that he was not in that role. Given the trustee's burden of proof to establish that the Debtor is not entitled to the exemption, and coupled with the strong presumption under Arkansas law in favor of finding a homestead, it can be presumed that, given the mothers age the Debtor had assumed the decision making role with regards to household affairs. In addition, the residence was in the Debtor's name and was purchased by him. Therefore, the Court finds that the Debtor acted as head of household while his mother lived with him, and otherwise established that the House is his homestead under Arkansas law.[2]

---

2. The second and third elements of homestead found in *In re Webb* are not in dispute. The Debtor resides on the property that he is claiming as exempt making this property the Debtor's home. And, the Debtor clearly is an Arkansas resident for purposes of this opinion.

 The fact that the Debtor filed bankruptcy after his mother's death, does not affect his right to claim the homestead exemption as a head of household. "When property has been impressed with the homestead character, it will be presumed to continue so until its use as such has been shown to have been terminated." *City Nat. Bank v. Johnson,* 192 Ark. 945, 96 S.W.2d 482, 484 (1936). Under Arkansas law, "termination" appears to consist of extinguishment, abandonment, or waiver. *See Middleton v. Lockhart,* 344 Ark. 572, 43 S.W.3d 113, 121 (2001)(holding that where a person murders his or her spouse, any homestead rights that person enjoys personally by reason of the marriage to the murdered spouse are *extinguished* by the murder); *Monroe v. Monroe,* 250 Ark. 434, 465 S.W.2d 347, 349–50 (1971)(stating in order to constitute *abandonment,* the owner must leave the homestead with the intention of renouncing and forsaking it, or leaving it never to return); *Lee v. Mercantile First Nat. Bank of Doniphan,* 27 Ark. App. 11, 765 S.W.2d 17, 19 (1989)(stating the execution of a mortgage is a *waiver* of the homestead exemption as to the debt secured by that mortgage). In the present case, the Trustee failed to prove that the Debtor's homestead has been terminated. With these facts in mind, the Court turns to the controlling bankruptcy law.

 "Bankruptcy exemptions are 'fixed on the date of filing' and 'only . . . the law and facts as they exist[ed] on the date of filing the petition' are to be considered." *Jones,* 193 B.R. at 507 (quoting *Armstrong v. Peterson (In re Peterson),* 897 F.2d 935, 937 (8th Cir.1990)). Accordingly, the Court's focal point is the state of affairs on October 14, 2005, when the Debtor's petition was filed. The "snapshot in time approach" taken in the bankruptcy realm has no precluding effect on the

Debtor's claim of homestead exemption in this particular case. Here, the state of affairs on the date of filing was a the Debtor who had established a homestead that had never been terminated under Arkansas law. The Debtor established his head of household status while his mother was living; the fact that she passed away did not act as a termination of his entitlement to homestead in any way. The Trustee's objection to exemption is denied.

IT IS SO ORDERED.