734

Burton H. ADAMS *v.* PLANTERS PRODUCTION
CREDIT ASSOCIATION, A Corporation

77-165                                          561 S.W. 2d 80

Opinion delivered February 6, 1978
(Division I)

*Wilson & Wilson,* by: *Ralph Wilson, Jr.,* for appellant.

*Reid, Burge & Prevallet,* for appellee.

DARRELL HICKMAN, Justice. This appeal from the Mississippi County Chancery Court presents two questions: whether the appellant properly abstracted the record as required by our Rule 9 (d), and, the appellant's claim of a homestead exemption from a judgment.

The appellee, Planters Production Credit Association, questions the appellant's fair and proper abstract of the record on appeal, as required by our Rule 9 (d). We do not consider this objection because the appellee supplied the deficiency in its brief. See *Arkansas Appellate Practice: Abstracting the Record,* 31 Ark. L. Rev. 359 (1977).

We agree with the chancellor's decision that the appellant failed to prove he was entitled to a homestead exemption on his forty acres.

Adams and his wife were divorced in July, 1975. Adams got exclusive title to the forty acres in question. In 1976, Planters Production Credit obtained a judgment against Adams for some $65,000. In November, 1976, Planters executed on the judgment and levied on Adams' forty acres. Thereafter Adams filed a petition claiming his forty acres as exempt from execution under Article 9, Section 3 of the Arkansas Constitution. The Constitution exempts a homestead "of any resident of this state who is married or the head of a family" from execution. Adams was not married and the question below and on appeal is whether Adams was the head of a family.

Adams claimed he was the head of a family because his grown son lived with him in a trailer on the forty acres. Therefore, it becomes a question of dependency.

Adams quite candidly admitted that he was trying to establish a homestead on the forty acres on the advice of counsel. He had the divorce decree amended so that he would have custody of his son who was over twenty-one years of age. Adams offered testimony, corroborated by his son, showing

that the son was a resident at a trailer on the forty acres. However, other evidence was offered that the son was a full-time student in college, receiving an athletic scholarship for all expenses. Necessarily his "residence" was on week-ends or during school vacations. Mr. Adams testified that he was not able to give his son very much money but did from time to time give him spending money. Apparently Adams lived in the trailer but the trailer was originally purchased by Adams' former wife to be used by the son when he got married. The son was not married at the time of the trial.

The chancellor correctly pointed out that the father was not obligated to support the son by virtue of the amendment of the divorce decree, nor could the chancellor find other evidence to support a finding that Adams was the head of a family. The judge stated:

> I have tried every way I can to stretch this as far as I can to establish a homestead for this gentleman but under this set of facts . . . I can't do it.

We agree with this finding and cannot say it is against the preponderance of the evidence. That is the test on review of a chancellor's decision. *Sowards* v. *Sowards*, 243 Ark. 821, 422 S.W. 2d 693 (1968).

We distinguish this case from our decision in *Yadon* v. *Yadon*, 202 Ark. 634, 151 S.W. 2d 969 (1941). In that case a child lived with a parent beyond the age of majority. However, there was evidence that the child had remained at the home during minority and continuously thereafter until reaching twenty-five years of age. Also, there was evidence of partial dependency and the existence of "social status of the family."

We cannot say the evidence in this case clearly shows any of these factors which would require us to reverse the chancellor's decision.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.