AUTOMOTIVE SUPPLY, INC. *v.*
Jim POWELL et al

80-46                                   599 S.W. 2d 735
Supreme Court of Arkansas
Opinion delivered June 16, 1980

reversed.

*Boyce R. Davis*, for appellant.

*Murphy & Carlisle*, by: *John William Murphy* and *Spencer, Spencer & Shepherd, P.A.*, for appellees.

GEORGE ROSE SMITH, Justice. The appellee Evelyn Sue Powell asserts a homestead exemption in certain lands as against a prior judgment obtained by Automotive Supply against Mrs. Powell's husband, Jim Powell. The circuit court was mistaken in sustaining the asserted exemption as to Mrs. Powell's interest in the land.

Automotive Supply obtained a $2,870.16 judgment in the Washington Circuit Court against Jim Powell, the judgment being entered of record on February 16, 1978. On March 31, 1978, the land in question, then unimproved, was conveyed to the Powells as tenants by the entirety. On April 11 Powell conveyed his interest in the land to his wife. Thereafter the couple built a home on the property, which was completed and occupied by them not earlier than the following winter. On a motion for a determination of priority of liens the circuit court held that Automotive Supply's judgment is a first lien as against other lienholders, but is subordinate to Mrs. Powell's homestead claim.

Automotive Supply's judgment against Jim Powell became a lien against his interest in land acquired after the entry of the judgment. Ark. Stat. Ann. § 29-130 (Repl. 1979); *Trustees R. E. Bank* v. *Watson & Hubbard*, 13 Ark. 74 (1852). That being true, when Powell conveyed his interest to his wife, her two estates in the land did not merge to defeat Automotive Supply's intervening equity. *Beauchamp* v. *Bertig*, 90 Ark. 351, 119 S.W. 75, 23 LRANS 659 (1909). She therefore received his estate in the land subject to the judgment lien. She had the burden of proving a sufficient occupancy of the land to establish a homestead. *Chastain* v. *Ark. Bank & Tr. Co.*, 157 Ark. 423, 249 S.W. 1 (1923). Actual occupancy of the land, not a mere intention to occupy it in the future, is essential to the impressment of the homestead character. *Shell* v. *Young*, 78 Ark. 479, 95 S.W. 798 (1906). Since the Powells could not and did not occupy the land until months after the appellant's lien had attached to Jim Powell's interest, that interest cannot be claimed as exempt by Mrs. Powell, who acquired it subject to that lien.

Reversed.