**In re Elva Estell McCRAW, Debtor.**

**SCOTT COUNTY BANK, Plaintiff,**

v.

**Elva Estell McCRAW a/k/a Elva Estell James and Stanley Leasure, Trustee, Defendants.**

**Bankruptcy No. FS 84–331M.**
**Adv. No. CMS 85–243M.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Aug. 6, 1985.

Bill Strait, Dardanelle, Ark., for plaintiff.

Ben T. Barry, Fort Smith, Ark., for debtor/defendant.

Stanley A. Leasure, Fort Smith, Ark., trustee.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

Elva McCraw filed a voluntary petition for relief under the provisions of Chapter 7.

She scheduled 1.5 acres of real property as exempt under the provision of Article 9, Section 4 of the Arkansas Constitution. This provision of the Arkansas Constitution provides as follows:

> The homestead outside any city, town or village, owned and occupied as a residence, shall consist of not exceeding one hundred and sixty acres of land, with the improvements thereon, to be selected by the owner, provided the same shall not exceed in value the sum of twenty-five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres, without regard to value.

The trustee and a creditor, Ellen Meierding, filed timely objections to the claim of exemption on the basis that the exemption is unavailable to unmarried persons who are not the head of a household residing on property claimed as exempt.

The evidence is undisputed that Ms. McCraw was married at the time the property in question was purchased, and that she resided in a residence located on the property with her husband. The property is a rural residence. Prior to the filing of the petition Ms. McCraw was divorced from her husband. At the time the petition was filed she lived on the property alone and unmarried.

The Constitutional provisions regarding homestead exemptions are liberally construed in favor of the person asserting the exemption. *Bank of Hoxie v. Graham*, 184 Ark. 1065, 44 S.W.2d 1099 (1932); *Bank of Sun Prairie v. Hovig*, 218 F.Supp. 769 (W.D.Ark.1963). Once the homestead exemption attaches it is not lost if subsequently the debtor's family departs from the homestead because of death, divorce or the arrival of children at the age of majority. *Stanley v. Snyder*, 43 Ark. 429 (1884); *Baldwin v. Thomas*, 71 Ark. 206, 72 S.W. 53 (1903); *Beeson v. Byars*, 187 Ark. 966, 63 S.W.2d 540 (1933); *Butt v. Walker*, 177 Ark. 371, 6 S.W.2d 301 (1928); *Jones v. Thompson*, 204 Ark. 1085, 166 S.W.2d 1036 (1942), *reh'g denied*, Jan. 18, 1943.

The trustee and objecting creditor rely on the case of *Adams v. Planters Production Credit Association*, 262 Ark. 734, 561 S.W.2d 80 (1978), which is factually distinguishable from the case before the Court. In *Adams*, the Court did not address the issue of whether the homestead exemption had attached prior to the debtor's divorce.

The objections are overruled, and the debtor's claim of exemption is allowed.

IT IS SO ORDERED.