**In re Elton E. BATCHELOR and Edith Sue Batchelor, Debtors.**

**Bankruptcy No. HE 87–134M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Aug. 11, 1988.

---

David Curruth, Brinkley, Ark., for debtors.

Gerald A. Coleman, West Memphis, Ark., for Land Bank.

Bill Adair, Little Rock, Ark., for SBA.

Charles Tucker, Little Rock, Ark., Chapter 12 Trustee Atty.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On October 29, 1987, Elton E. Batchelor and Edith Sue Batchelor (debtors) filed a voluntary petition for relief under the provisions of chapter 12 of the United States Bankruptcy Code. The schedules, as amended, listed secured claims of $302,148.54 and unsecured claims of $8,470.00. Real property, consisting of two tracts, was valued at $210,567.64 and personal property was valued at $61,660.00. The debtors estimated that the large tract which included the debtors' homestead was worth a total of $192,942.76. The debtors estimated the smaller tract to be worth $17,624.88. On February 29, 1988, the debtors filed an amended plan of reorganization. In substance, the pertinent plan provisions proposed the following:

Class 10—Farm Credit Services of Eastern Arkansas ($286,000.00 claim). The creditor would retain its first lien on 292 acres of farmland which debtors valued at $192,942.76. Debtors proposed to pay the value of the secured claim ($192,942.76) amortized over thirty years, plus interest on the unpaid principal at the rate of 9% per annum. The payments would be made annually in the sum of $18,780.34. The balance of Farm Credit Services' claim would be paid pro rata with all other general unsecured creditors.

Class 11—Small Business Administration ($15,816.00 claim). The creditor held a prepetition first lien on 36 acres and a prepetition first lien on the debtors' farm equipment. The real property was valued at $17,623.08 and the farm equipment at $35,000.00. The plan proposed that SBA would retain its lien only on the farm equipment, that the claim would be repaid in seven annual installments and that interest would accrue at the rate of 5% per annum. The payments were to be made annually in the sum of $2,733.32.

Class 12—Unsecured Creditors. This class would receive an amount equal to what they would receive in a chapter 7 case—$16,244.21 pro rata in annual installments of $5,414.74 for three years. Debtors also proposed to add any unused disposable income for each year, if any.

The Federal Land Bank (Farm Credit Services), the Small Business Administration and the trustee filed written objections to

confirmation of the plan. The Small Business Administration (SBA) objected to the plan's proposals to release SBA's lien on 36 acres and to pay interest on its secured claim at the rate of 5% per annum. The Federal Land Bank (FLB) objected to, among other things, the feasibility of the plan, the interest rate the debtors proposed to pay on its secured claim, the valuation of its secured claim, and the amount proposed to be paid on its unsecured claim. A confirmation hearing was conducted on March 1, 1988, and the case was taken under advisement.

The following shall constitute the Court's findings of fact and conclusions of law as required by Bankruptcy Rule 7052. The matters presented are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction to render a final judgment.

## I

### SBA'S OBJECTIONS

 SBA's objection to the proposed plan's release of SBA's lien on the 36–acre tract is sustained. It is undisputed that the SBA holds a claim secured in part on a 36–acre tract. The plan must provide that the holder of a secured claim retain its lien unless it agrees to different treatment. A debtor may not discharge a valid prepetition consensual lien from nonexempt property of the estate over the creditor's objection. *See In re Rott*, 73 B.R. 366, 374 (Bankr.D.N.D.1987). *See also In re Hink*, 81 B.R. 489, 490–91 (Bankr.W.D.Ark.1987) (construing the analogous requirement for chapter 13 cases). Neither party introduced any evidence as to the appropriate interest rate to be charged. Therefore, this objection is overruled.

## II

### FLB'S OBJECTION TO VALUATION OF ITS SECURED CLAIM

 The debtors' plan valued FLB's secured claim at $192,942.76. At trial, the debtors' evidence consisted of the opinion testimony of Elton Batchelor, one of the debtors. However, Mr. Batchelor offered no credible basis for his opinion. FLB's evidence consisted of the testimony of James B. Rutledge, an expert appraiser. For the reasons stated in open court, Mr. Rutledge's valuation of $211,816.00 is accepted as the value of the real property securing FLB's claim. FLB's objection is, therefore, sustained.

## III

### FLB'S OBJECTION TO THE INTEREST RATE TO BE PAID ON ITS SECURED CLAIM

11 U.S.C. § 1225(a)(5) requires the following:

> (5) with respect to each allowed secured claim provided for by the plan

> . . . .

> (B) . . .

> (ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim. . . .

This section requires the plan to provide for payment of the equivalent of the present value of the secured claim and is the same requirement contained in 11 U.S.C. § 1129(b)(2)(A)(i)(II) for chapter 11 cases. 5 *Collier on Bankruptcy* ¶ 1129.03[4][f][i] (15th ed. 1988) describes present value as follows:

> The concept of "present value" is of paramount importance to an understanding of section 1129(b). Simply stated, "present value" is a term of art for an almost self-evident proposition: a dollar in hand today is worth more than a dollar to be received a day, a month or a year hence. Part of the "present value" concept may be expressed by a corollary proposition: a dollar in hand today is worth exactly the same as (1) a dollar to be received a day, a month or a year hence plus (2) the rate of interest which the dollar would earn if invested at an appropriate interest rate.

*Id.* at p. 1129–62.

 The appropriate rate of interest for calculating the present value of a claim is

the current market rate for a loan under similar circumstances. *See United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285–86 (8th Cir.1986); *Prudential Ins. Co. of America v. Monnier (In re Monnier Bros.)*, 755 F.2d 1336, 1338–40 (8th Cir. 1985). Cases construing this requirement in chapter 12 cases have imposed the same requirement, but the rate determined to be the market rate has varied. *See In re Weldin–Lynn, Inc.*, 79 B.R. 409, 412–13 (Bankr.E.D.Ark.1987) (plan must provide market rate of interest); *In re O'Farrell*, 74 B.R. 421, 424 (Bankr.N.D.Fla.1987) (market rate of interest determined to be 11% rather than 9% proposed by debtor); *Lenz v. Federal Land Bank of St. Louis (In re Lenz)*, 74 B.R. 413, 416–17 (Bankr.C. D.Ill.1987) (market rate is the appropriate rate); *In re Doud*, 74 B.R. 865, 867–70 (Bankr.S.D.Iowa 1987) (treasury bond yield plus 2% equals market rate); *In re Citrowske*, 72 B.R. 613, 617 (Bankr.D.Minn. 1987) (rate creditor would charge in present regular loan market is presumptively correct); *In re Foster*, 79 B.R. 906, 912–13 (Bankr.D.Mont.1987) ("prime rate [9%] plus a risk factor" determined to be appropriate rate); *In re Janssen Charolais Ranch, Inc.*, 83 B.R. 743, 744–45 (Bankr.D.Mont. 1987) (proper market rate decided case-by-case and not based on creditor characteristics); *In re Martin*, 78 B.R. 598, 600–01 (Bankr.D.Mont.1987) (prime rate [8.25%] plus risk factor [.75%] determined to be market rate of interest); *In re Robinson Ranch, Inc.*, 75 B.R. 606, 610 (Bankr.D. Mont.1987) (market rate determined to be 9% per annum); *In re Wichmann*, 77 B.R. 718, 721–22 (Bankr.D.Neb.1987) (prevailing treasury bond rate plus 2% approved as the market rate); *In re Konzak*, 78 B.R. 990, 992–93 (Bankr.D.N.D.1987) (12% per annum determined to be market rate of interest); *In re Rott*, 73 B.R. at 374 (5% proposed rate rejected as not being based on "market rate, contract rate, some combination thereof, or some other fair and equitable method"); *In re Hardzog*, 74 B.R. 701, 703–04 (Bankr.W.D.Okla.1987) (creditor's cost to obtain funds is appropriate rate of interest); *In re Smith*, 78 B.R. 491, 493–94 (Bankr.N.D.Tex.1987) (9.5% determined to be market rate of interest).

■ The only credible evidence in the record regarding the applicable market rate of interest was introduced by FLB. This evidence established that FLB offers a three-tiered lending rate. Tier I ranges from 9.5% to 10.25%, tier II ranges from 10% to 11.25% and tier III is 12.5% variable. According to the evidence, the best rate for which the debtors would qualify would be the tier III rate of 12.5%. The Court must determine this fact question of the appropriate market rate of interest from the evidence presented in the record. Here, FLB's evidence is the only evidence the Court has to consider. Therefore, the objection to the interest rate proposed in the plan is sustained.

### IV

### FLB'S OBJECTION TO THE AMOUNT TO BE PAID ON ITS UNSECURED CLAIM

■ This objection will be sustained. The debtors claim a homestead exemption in the equity in the 36 acres. To determine state homestead exemption rights, the bankruptcy court must look to state law. *In re Moody*, 77 B.R. 580, 590 (S.D.Tex. 1987). The debtors' claim of homestead exemption in this instance is not sustainable because the debtors have never resided on the 36 acres. *Automotive Supply, Inc. v. Powell*, 269 Ark. 255, 256, 599 S.W.2d 735, 736 (1980). The value of the debtors' equity in this property must be distributed to unsecured creditors.

### V

### FLB'S OBJECTION TO FEASIBILITY

The Court will not consider the objection to feasibility and the other objections raised by FLB since the plan cannot be confirmed for the reasons set forth in this order. However, these other issues may arise regarding any modified plan submitted by the debtors.

## VI

### CONCLUSION

Therefore, for the reasons stated herein, confirmation of the debtors' proposed chapter 12 plan is denied. The debtors must file a modified plan within thirty days of the entry of this order or the case will be dismissed upon notice and a hearing.

IT IS SO ORDERED.