In re James Jackson WEBB.

Claude H. SMITH, Plaintiff,

v.

James Jackson WEBB, Defendant.

Bankruptcy No. 90–30067 S.
Adv. No. 90–3015.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Nov. 29, 1990.

reasonableness given to the pre-petition com-   pensation.

Warren Dupwe, Jonesboro, Ark., for debtor/defendant.

Jim Lyons, Lyons & Emerson, Jonesboro, Ark., for plaintiff.

A. Jan Thomas, Memphis, Ark., Trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is Plaintiff's "Complaint to Determine Dischargeability of Debt and for Other Matters." Trial was scheduled for September 26, 1990. The Plaintiff, Claude H. Smith, appeared through counsel Jim Lyons, Esq. The Defendant, James Jackson Webb, appeared through counsel, Warren Dupwe, Esq. The Trustee, A. Jan Thomas, appeared *pro se.*

Plaintiff's Complaint alleges two grounds on which Defendant should be de-nied a discharge in this bankruptcy proceeding. Count I alleges that the Defendant "knowingly and fraudulently made a false oath or account concerning his property in this matter[,]" which Plaintiff contends "constitutes a violation of § 727(a)(4) of Title 11, U.S. Code (sic)." Count II of the Complaint alleges that debtor's property located at 520 W. Main, Blytheville, Arkansas, which debtor claims as his homestead, does not qualify as a homestead under the Arkansas State Constitution because he is no longer married, uses the property part-time for business purposes and the property is zoned for commercial purpose use. Plaintiff asks that debtor be compelled to turn over the property to the Trustee, so that it may become part of the bankruptcy estate and distributed to creditors.

Before trial commenced, the parties advised the Court that the facts were not in dispute, and that the only remaining question was one of law for the court to decide. No testimony was offered. The parties were directed to submit a joint stipulation of facts and legal briefs within thirty (30) days. Fifteen (15) days thereafter, the parties were directed to submit responsive briefs, if any. The matter was taken under submission November 14, 1990.

This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. § 1334(a) and § 157(a). Moreover, the Court finds that Counts I and II are "core proceedings" within the meaning of Title 28 U.S.C. § 157(b)(1), as exemplified in § 157(b)(2)(I) and (J), and § 157(b)(2)(B) respectively. Accordingly, this Court will enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

## I. BACKGROUND

James Jackson Webb ("Webb") filed a voluntary Chapter 7 bankruptcy petition on February 16, 1990. Plaintiff, Claude H. Smith ("Smith"), is a judgment creditor of the debtor. On July 11, 1990, Smith filed the above styled adversary proceeding to determine the dischargeability of debt and for other matters.

## II. FACTS

On October 25, 1990, the parties submitted a statement regarding facts not in dispute. Relevant paragraphs are as follows:

The debtor was married to one Cindy Baker Webb on March 9, 1989, and was utilizing the property located at 520 W. Main, Blytheville, Arkansas, (the property claimed as his homestead) as their marital domicile and home. The debtor was a medical doctor specializing in ophthalmology. He had in the past maintained a medical office at this location, but he had not practiced regularly since the filing of his bankruptcy due to the revocation of his medical license. However, he had done nominal fitting of glasses from this location. His major source of income is social security benefits. The parties lived together as husband and wife at 520 W. Main until she was killed in an automobile accident on August 31, 1990. The debtor continues to remain in said home as his personal residence. He is now the only occupant of the property at 520 W. Main.

The property in question is zoned B–4 as per the attached letter (Exhibit A) from Dorothy Besharse, the Blytheville City Clerk, and is limited to those uses permitted and described on Exhibit B. (Attached hereto as Exhibits A and B are documents concerning the zoning of the property in question and the permitted uses thereunder which are incorporated by reference herein as though set forth word for word.)

## III. DISCUSSION

### A. *Count I—Objection to Discharge.*

■ The submitted agreed statement of facts and the briefs of both parties do not address the allegations in Count I of the Complaint, in which Smith alleges that Webb's discharge should be denied because he "knowingly and fraudulently made a false oath or account concerning his property in this matter." No evidence was presented in support of this allegation and the briefs did not address this issue. Accordingly, the Court finds that the objection to discharge should be overruled.[1]

### B. *Count II—Objection to Exemption and Demand that Property be Turned over to the Trustee.*

Three elements must be established if a debtor is to prevail in claiming a homestead[2] exemption under the Arkansas State Constitution. They are: (1) the party claiming the exemption must be the head of a household or married; (2) the property must be occupied as a home; and (3) the party claiming the exemption must be a resident of the State of Arkansas.[3]

It is well settled under Arkansas law that, once the right of homestead is acquired and the property remains occupied by the owner, the homestead is not lost by the death of a spouse and/or arrival at age and removal from the premises of children. *Stanley v. Snyder*, 43 Ark. 429 (1884); *see also Butt v. Walker*, 177 Ark. 371, 6 S.W.2d 301 (1928) (where the court held that a homestead acquired by a man is not lost when he and his wife divorce, even though no family lives with him) (cited with approval in *Jones v. Thompson*, 204 Ark. 1085, 166 S.W.2d 1036 (1943)). Thus, under Arkansas law, the death of a spouse does not extinguish a matured right of homestead.

---

1. If prosecution of Count I relies on the Court's finding with regard to the allegations in Count II, that reliance is not explained. The Court cannot speculate on the Plaintiff's intentions. To do so would be to benefit one of the parties without according due process to the other.

2. The term "homestead" is being used, and will be used in the sense of its meaning under the homestead exemption of the Arkansas State Constitution.

3. The right to the homestead exemption is created by the Arkansas State Constitution, which in relevant part states that:

The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment, or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens ...

Ark. Const. art. IX, § 3.

■ Although Webb is a widower, during his marriage he lived with his wife at 501 W. Main and they utilized the location as their marital domicile and residence. Under Arkansas law, this time of residence as husband and wife created a right of homestead in each of them. In fact, Smith does not argue otherwise, but contends only that Webb is no longer entitled to a homestead exemption for the 501 W. Main location because he is no longer a married person.

■ In a bankruptcy case property of the estate is determined as of the date of the filing of the bankruptcy petition. 11 U.S.C. § 541. Exemptions are generally noted at the time of the filing of the bankruptcy petition, and in this case the debtor declared his intention to claim this property exempt as his homestead. On February 16, 1990, when Webb filed this Chapter 7 petition, he was married and living at 501 W. Main with his wife. Webb was widowed *after* he filed his bankruptcy petition when his wife was killed in an automobile accident, August 31, 1990. Consequently, even if the death of a spouse extinguished the right of homestead, Webb's property qualified as a homestead as of the date of the filing of his petition. Therefore it could be properly exempted from the bankruptcy estate. Smith's contention that "under the present circumstances" Webb is not entitled to the homestead exemption because he is presently unmarried, is not supported by statutory or case law.

■ It is also well settled under Arkansas law that simply using a portion of the claimed homestead for a business, or for a money making purpose, does not extinguish the homestead right in the property. In *Gainus v. Cannon*, 42 Ark. 503 (1884), the Court found

[i]t ... a strange and irrational idea, ... that a man ought to lose his homestead as soon as he attempts to make any part of it subservient to a trade or occupation, or to make it helpful in family expenses.

*Id.* at 515 (cited with approval in *Jordan v. Jordan*, 217 Ark. 30, 31, 228 S.W.2d 636, 637 (1950)). The *Gainus* court believed that the State should encourage persons to be industrious and thrifty, and make a limited area within the home as valuable and productive as possible. *Id.* (cited with approval in *King v. Sweatt*, 115 F.Supp. 215, 219 (W.D.Ark.1953)). Thus, Smith's contention that Webb is not entitled to the homestead exemption because he has used, and continues to use, a portion of his residence for a business purpose is also not supported by statutory or case law.

Lastly, Smith argues that since the premises at 501 W. Main is zoned as a commercial location, Webb cannot acquire a homestead interest in it. In support of this argument, Smith relies on *Automotive Supply, Inc. v. Powell*, 269 Ark. 255, 599 S.W.2d 735 (1980), wherein the court held that the homestead exemption is limited to land and a dwelling occupied as a home. The *Powell* court, however, did not address the zoning issue as it may be relevant in the present case.

■ If zoning affects the classification of a location as a homestead under the state constitution, then property could lose its homestead characteristic merely by a zoning change by the local government. This does not seem to be a fair, equitable or logical result. A homestead in Arkansas is a constitutional right, and thus, should not be denied or dissolved merely by a zoning change effected by the executive or legislative branches of state or local government.

■ Arguably, the zoning may be relevant if the location is zoned commercial prior to any homestead characteristics accruing to it. Smith, however, makes no such argument in his brief, nor does he attempt to draw this distinction for the Court, or argue its application to the Webb property. Smith simply states that because the location is zoned B–4, it cannot in any way take on or have taken on the characteristic of a homestead. The Court finds this an over-broad declaration of the effect of the enactment of a zoning scheme. The effect of such enactments certainly should not be to extinguish a state constitutional right, such as the right

to exempt a homestead from judgement creditors and the bankruptcy estate.

### IV. CONCLUSION

The Court finds that Smith has failed to pursue Count I of his complaint, and therefore the complaint to deny Defendant his discharge is denied.[4]

Further the Court finds that Webb is occupying the land and dwelling at 501 W. Main as his home, albeit zoned as a commercial location. Moreover, the court finds that Webb acquired a legitimate homestead interest in 501 W. Main Blytheville, Arkansas, and that Webb's homestead interest has neither been extinguished by the death of his wife nor by the limited practice of his profession on the premises.

Accordingly, it is hereby

ORDERED that the objection to discharge and objection to the debtor's claimed homestead exemption are overruled and his demand that the property be turned over to the Trustee is denied.

IT IS SO ORDERED.