**In re Kathleen INMON.**

**Bankruptcy No. 91–42573 S.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Feb. 19, 1992.

C.T. West, Jacksonville, Ark., for debtor.

Lance R. Miller, Little Rock, Ark., for Twin City Bank.

Richard L. Ramsay, Ark. Trustee, Little Rock, Ark.

Michael Reed, for Nat. Home Center.

## ORDER OVERRULING OBJECTIONS TO CLAIM OF EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon objections to the Claim of Exemption. The debtor has listed her home as exempt inasmuch as it is her homestead. The National Home Centers ("NHC") objected to the exemption on the grounds that she is not married nor head of a family.[1] The Twin City Bank ("TCB") objected on the same grounds. Trial was held on January 31, 1992, C.T. West appeared on behalf of the debtor, Michael Reed appeared on behalf of NHC, and Lance Miller appeared on behalf of TCB.

---

1. NHC and TCB objected on numerous grounds, most of which, the parties agree, are moot by virtue of the debtor's clarification of exemption.

## I. *Facts*

The debtor, an Arkansas resident, acquired the subject property, located at 2600 N. Eastern, Jacksonville, Arkansas, in September 1983. Unmarried at that time, the debtor had two dependent children—one at home, the other at school. She and her children resided there, calling that location home. In 1987, the debtor's daughter married. The debtor's son moved in and out of the residence.

At all times, the debtor considered the subject property her homestead. She did not live continuously in the residence, however. The debtor is in the construction business, and moved in and out of the houses she was building because occupied homes sell faster. After the children left the homestead, she built and lived in two other homes, during which time she leased her homestead to others. She first moved out in 1988, to a house she built located at 7905 Eagle Point. She lived there for approximately 10 months until that house sold. From the Eagle Point house she moved, in early 1989, to a house located at 112 Mayfair. She lived there for approximately two years, attempting to sell that house. Thus, she lived in the homes she built for a approximately three years before she moved back to her 2600 N. Eastern residence.

The debtor listed her homestead for sale for approximately two months during the time she resided in the other houses. Her stated reason for listing the homestead for sale was that the bank loaning her construction funds to build the 112 Mayfair house required her to take title.[2] The N. Eastern property was taken off the market because she wanted "to move back home." In early 1991, the debtor moved back to her home at 2600 N. Eastern, and still resides there.

## II. *Conclusions of Law*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified by 28 U.S.C. § 157(b)(2)(B).

Arkansas Statutes provide that "Residents of this state having the right to claim exemption in a bankruptcy proceeding pursuant to 11 U.S.C. § 522 shall have the right to elect either (i) the property exemptions provided by the Constitution and the laws of the State of Arkansas or (ii) the property exemptions provided by 11 U.S.C. § 522(d)." 1991 Ark. ACT 345 § 1. The debtor has elected to exempt her property pursuant to state law. There is no dispute that the debtor acquired a homestead within the meaning of the Arkansas Constitution, article 9, section 3, in 1983, when she acquired the property in 1983. At the time she acquired the property she was the head of a household, an Arkansas resident, and made the dwelling "home." *See generally Smith v. Webb* (*In re Webb*) 121 B.R. 827, 829 (Bankr.E.D.Ark.1990) (listing of elements to establish homestead).

The creditors argue that the debtor abandoned her homestead because she moved to other residences and at one time listed her homestead for sale. Thus, they argue, when she returned to the homestead in 1991, without dependents, she could not reestablish the residence as a homestead.

It is well settled under Arkansas law that once the right of homestead is acquired and the property remains occupied by the owner, the homestead is not lost by the death of a spouse or departure of dependent children from the home. *Webb,* 121 B.R. at 829; *Scott County Bank v. McCraw* (*In re McCraw*) 58 B.R. 175, 176 (Bankr.W.D.Ark.1985). The Arkansas constitutional provisions regarding homestead are to be liberally construed in favor of the person asserting the exemption. *McCraw,* 58 B.R. at 176. The presumption in favor of homestead, *City National Bank v. Johnson,* 192 Ark. 945, 96 S.W.2d 482, 464 (1936), can be overcome upon a *clear* showing of abandonment, *Vesper v. Woosley,* 231 Ark. 782, 332 S.W.2d 602, 605 (1960).

---

**2.** Apparently she had a great deal of difficulty selling the Mayfair house because of the nearby construction of the North Little Rock airport.

The question of whether a resident has abandoned her homestead is a factual question of intent. *Butler v. Butler,* 176 Ark. 126, 129, 2 S.W.2d 63 (1928). "[I]n order to constitute abandonment of a homestead, the owner must leave it with the intention of renouncing and forsaking it, or leave it never to return." *Id.* at 129, 2 S.W.2d 63.

It is clear under Arkansas law that a temporary removal, even for a period of several years, does not constitute an abandonment. *Monroe v. Monroe,* 250 Ark. 434, 465 S.W.2d 347, 350 (1971). Indeed, in *Robinson v. Swearingin,* 55 Ark. 55, 17 S.W. 365 (1891), the Arkansas Supreme Court upheld a finding of no abandonment where the owner had been absent from the homestead for 6 years. The Arkansas courts have permitted owners to purchase other homes and reside in them, *Butler v. Butler,* 176 Ark. 126, 2 S.W.2d 63 (1928), marry and remove to another state, *Harris v. Ray,* 107 Ark. 281, 154 S.W. 499 (1913), or move elsewhere in order to conduct business however long, *Brown v. Watson,* 41 Ark. 309 (1883), all the while retaining their homestead. The crucial aspect is whether the owner intended to return to the homestead. *Butler,* 176 Ark. at 129, 2 S.W.2d 63 ("It is the rule of law in this State, announced by many decisions of this court, that the question of whether there has been an abandonment of a homestead once established, is almost entirely a question of intent on the part of the homestead owner so to do.").

The question of abandonment is fact-intensive. In the instant case, there has been no showing that the debtor intended to abandon her homestead. The debtor testified that she intended to return to the 2600 N. Eastern residence. The debtor presented a demeanor consistent with truthfulness; the Court believes the debtor. The debtor did not abandon her homestead despite the fact that she resided elsewhere for a period of time, leased the homestead, and even listed it for sale. The Court determines as a matter of fact that the debtor at all times considered the residence at 2600 N. Eastern "home," at all times intended to return to that home, and that she never abandoned the homestead. The property continues to be her homestead.

ORDERED that (1) the Objection to Claim of Exemptions by the Twin City Bank is overruled; and (2) the Objection to Claim of Exemptions by the National Home Centers, Inc. is overruled.

IT IS SO ORDERED.