**In re Stanley W. GERRALD.**

**Bankruptcy No. 92–14146S.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Jan. 20, 1993.

Stephen Arnold, Texarkana, TX, for debtor.

Wm. Randal Wright, Hope, AR, Trustee.

### ORDER DENYING MOTION FOR SANCTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Motion for Sanctions filed on December 3, 1992. The Chapter 7 petition in bankruptcy was filed on September 2, 1992. The schedules were filed on September 17, 1992, in which the debtor claimed his marital residence as exempt under the homestead provisions of the Arkansas Constitution. At the first meeting of creditors, held on October 15, 1992, the debtor confirmed that he did not then reside at the marital property, nor did he reside there at the time of the filing of the petition. Indeed, a decree of divorce awarded the debtor's ex-spouse the right to live in the residence.

Based upon this information, the trustee filed an objection to the claim of homestead exemption, on November 4, 1992. Hearing on the matter is set for February 4, 1993. On December 3, 1992, the debtor filed a Motion for Sanctions, asserting that the trustee's objection was without factual or legal basis. The trustee responded and each party has filed a brief in support of his position. This Court finds that there is a well founded basis for the objection to claim of exemption.

■ The debtor is correct in his statements of the basic precepts of Arkansas homestead law, that a divorce or absence from the residence does not necessarily deprive an individual of his homestead rights. *In re Inmon*, 137 B.R. 757 (Bankr. E.D.Ark.1992). However, the facts as presented by the debtor do not clearly support his reliance solely upon such precepts. For example, the cases, even those cited by debtor, indicate that divorce does not deprive one of homestead rights *"if he still resides"* on the property. *Butt v. Walker*, 177 Ark. 371, 6 S.W.2d 301 (1928).

■ The debtor appears to assert that his absence from the residence is merely temporary and that he has a right to reoccupy the homestead whenever his ex-spouse vacates the premises or remarries. This assertion is not strictly true since the decree provides for *sale* of the property when the ex-spouse marries or vacates the property. While each party "should have the right to purchase the equity of the other party prior to the sale of the property" it is not clear as a matter of fact or law that the debtor has an absolute right to return to the property if it is vacated. The factual situation appears to be novel because of the language in the decree: the ex-wife conceivably could live in the house for the duration of her lifetime, calling into question the "temporary" nature of debtor's absence from the home.

The speculative nature of the debtor's rights and the question of intent, being particularly factual, raises sufficient question regarding the exemption that the trustee's objection is not without basis in fact or law. This is particularly true in

light of the nature of the trustee's duties under the Bankruptcy Code which he must execute with, initially, limited information. The trustee, as "a third party outsider to the debtor's transaction, is required to plead limited and, often, second hand knowledge for the benefit of the estate and all its creditors. *See Davidson v. Bank of New England (In re Hollis and Company)*, 86 B.R. 152, 156 (Bankr.E.D.Ark. 1988). Further, the limited time frame in which the trustee must act with regard to exemptions, *see Taylor v. Freeland & Kronz*, — U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), may require the trustee to act without opportunity to fully develop all facts by discovery.

The trustee clearly has a position well grounded in fact and law to contest the claim of exemption. A hearing is necessary and appropriate to determine the contested matter such that a motion for sanctions is itself inappropriate. The nature of the trustee's duties further supports the conclusions that such a motion for sanctions is without legal or factual basis.

ORDERED that the Motion for Sanctions filed by the debtor on December 3, 1992, is DENIED. This matter will proceed to hearing on the trustee's objection to claim of exemptions.

IT IS SO ORDERED.