**In re Stanley W. GERRALD.**

**Bankruptcy No. 92–14146 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Feb. 8, 1993.

See also 151 B.R. 215.

**218**

William Wright, Hope, AR, Trustee/Objecting party.

Stephen Arnold, Texarkana, TX, for debtor.

## ORDER SUSTAINING OBJECTION TO EXEMPTION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon objections to the Claim of Exemption. The debtor has listed his former residence as exempt in his bankruptcy schedules, claiming it as his homestead pursuant to the Arkansas Constitution. The trustee objected to the exemption on the grounds that the debtor was neither married nor head of a family at the time the case was filed. Trial was held on February 4, 1993, Stephen Arnold appeared on behalf of the debtor, and William Randal Wright, trustee, appeared on his own behalf.

### I. *Facts*

The debtor, an Arkansas resident, resided in the subject property located at 1802 Birtcher St., Texarkana, Arkansas, during his marriage. In April 1992, the debtor's wife sued for divorce, and, it appears, obtained an order requiring debtor to vacate the marital home. The debtor did not seek an attorney's advice regarding the divorce proceedings, did not attend any hearings, and was unaware of the specific contents of the decree until it was signed by the Chancery Court.

The debtor testified that he had an "understanding" with his wife that she could remain in the home for ten months, after which time the residence would be sold and the proceeds divided equally between them. He expected that this understanding would be reflected in the decree. Instead, without the prior knowledge of the debtor, the decree provided that,

> The parties own the real property described as Lot 5, Block 3, Arnold Acres Addition to the City of Texarkana, Arkansas, as tenants by the entirety. The tenancy by the entirety should be dissolved and a tenancy in common created. Each party should pay one-half of the monthly mortgage payments to Red River Federal Credit Union as well as one-half of all property taxes, homeowners insurance premiums, and necessary repairs to the property. Plaintiff should have the exclusive use and occupancy of the property until such time as she remarries or vacates the property, at which time the property should be sold and the proceeds of the sale divided equally between the parties. Each party should have the right to purchase the equity of the other party prior to the sale of the property.

Subsequently, the debtor then sought legal advice, but was told it was too late to alter the decree. In any event, debtor's words, demeanor and tone of voice while recounting the parties' division of property clearly indicated that he preferred and, indeed, intended, that the house be sold and the proceeds distributed.

### II. *Conclusions of Law*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified by 28 U.S.C. § 157(b)(2)(B).

Arkansas Statutes provide that "Residents of this state having the right to claim exemption in a bankruptcy proceeding pursuant to 11 U.S.C. § 522 shall have the right to elect either (i) the property exemptions provided by the Constitution and the laws of the State of Arkansas or (ii) the property exemptions provided by 11 U.S.C. § 522(d)." 1991 Ark. ACT 345 § 1. The debtor elected to exempt his property pur-

suant to state law. There is no dispute that the debtor possessed a homestead within the meaning of the Arkansas Constitution, article 9, section 3, when he resided in the marital home. At the time he resided in the property he was the head of a household, an Arkansas resident, and made the dwelling "home." *See generally Smith v. Webb (In re Webb)* 121 B.R. 827, 829 (Bankr.E.D.Ark.1990) (listing of elements to establish homestead).

■ The trustee's objection asserts that the debtor was not married and did not reside in the home at the time of the filing of the petition in bankruptcy such that the homestead exemption is inapplicable. It is true that under Arkansas law, once the right of homestead is acquired and the property remains occupied by the owner, the homestead is not lost by the death of a spouse, departure of dependent children from the home, or divorce of the parties. *Webb*, 121 B.R. at 829; *Scott County Bank v. McCraw (In re McCraw)* 58 B.R. 175, 176 (Bankr.W.D.Ark.1985). The presumption in favor of homestead, *City National Bank v. Johnson*, 192 Ark. 945, 96 S.W.2d 482, 464 (1936), however, can be overcome upon a clear showing of abandonment, *Vesper v. Woolsey*, 231 Ark. 782, 332 S.W.2d 602, 605 (1960). The question of whether a resident has abandoned his homestead is a factual question of intent. *Butler v. Butler*, 176 Ark. 126, 129, 2 S.W.2d 63 (1928). "[I]n order to constitute abandonment of a homestead, the owner must leave it with the intention of renouncing and forsaking it, or leave it never to return." *Id.* at 129, 2 S.W.2d 63.

■ The removal from the residence by virtue of the divorce does not automatically deprive debtor of his homestead rights. A temporary removal, even for a period of several years, does not constitute an abandonment. *Monroe v. Monroe*, 250 Ark. 434, 465 S.W.2d 347, 350 (1971). Thus, the debtor is correct in his assertion that removal from the home does not itself deprive him of his homestead rights under the Arkansas Constitution. The debtor focuses too narrowly, however, upon the abandonment issue. It is true the act of departing the home does not in itself constitute abandonment, but later actions and statements may constitute an abandonment. While the debtor may not have had a desire to *leave* the home in the first instance, the issue for the Court is whether the debtor has an intent to *reoccupy* the home.

The question of whether the debtor intends to return to the home, *i.e.*, whether the homestead exemption is preserved, is fact-intensive. *See Butler*, 176 Ark. at 129, 2 S.W.2d 63 ("[T]he question of whether there has been an abandonment of a homestead once established, is almost entirely a question of intent"). The debtor's own testimony clearly indicates the intent to abandon the homestead. The debtor stated that he intended and had an agreement with his wife that the residence would be sold and the proceeds divided between them. Indeed, he was chagrined to learn that the divorce decree provided that his ex-wife could reside in the home as long as she wished, depriving him of ready cash represented by the equity in the home. While the decree in fact provides that either party has the right to "purchase the equity of the other party prior to the sale of the property," the debtor was not even aware of the provision until it after the decree was entered. Thus, the divorce decree cannot evidence an intent on his part to return to his home.

The debtor's express intent was to sell the home and obtain the proceeds, not to reoccupy the dwelling. Having abandoned the homestead, the claim of exemption cannot stand.

ORDERED that the trustee's Objection to Exemption, filed on November 4, 1992, is SUSTAINED.

IT IS SO ORDERED.